146 F.3d 699
 22 Employee Benefits Cas. 1707, 98 Cal. Daily
Op. Serv. 4491,
98 Cal. Daily Op. Serv. 5819,
98 Daily Journal D.A.R. 6195,
98 Daily Journal D.A.R. 8087
Nick PARRINO, as Administrator of the Estate of Stephen
Frank Parrino, Deceased, and successor to Steve
Parrino, D.C., Plaintiff-Appellant,
v.
FHP, INC., a California Corp.; FHP Healthcare, a California
Corp., aka FHP Value Plan; FHP Administrators, a Division
of Ultralink Inc., a California Corporation; Friendly Hills
Healthcare Network, a California non-profit corporation, dba
Friendly Hills Regional Medical Center; Friendly Hills
Medical Group, a general partnership; Friendly Hills
Regional Medical Center Guild, Inc., a California non-profit
corporation; Rem Almirante, M.D., an individual; Jeffrey
Wolf, M.D., an individual, Defendants-Appellees.
 No. 96-55920.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1997.
Decided June 12, 1998.
As Amended July 28, 1998.
 
 Christopher E. Angelo, and Anthony Kornarens, Mazursky, Schwartz & Angelo, Los Angeles, California, for plaintiff-appellant.
 L. Rachel Lerman Helyar, Horvitz & Levy, Encino, California, and Brian P. Barrow, O'Flaherty & Belgum, Long Beach, California, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California; Terry J. Hatter, Jr., District Judge, Presiding. D.C. No. CV-95-04830-TJH.
 Before: BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 BROWNING, Circuit Judge:
 
 
 1
 Stephen Parrino subscribed to an HMO plan administered by FHP, Inc. and secured by his employer, Parrino Trucking Co. Friendly Hills acted as the plan's primary health care provider. Parrino was diagnosed with a brain tumor, and Friendly Hills referred him to Loma Linda University Medical Center for treatment. Loma Linda physicians removed the brain tumor, and prescribed immediate proton beam therapy to reduce the chance of recurrence. FHP initially refused to authorize payment for the therapy, claiming it was experimental and unnecessary. Upon further review, FHP approved the therapy, but Parrino was diagnosed with a reoccurring tumor two days later. A second round of surgery failed to arrest the spread of the cancer, and Parrino ultimately succumbed to his illness.
 
 
 2
 Parrino filed suit in state court against FHP and Friendly Hills, alleging they improperly denied his initial claim for proton beam therapy. FHP and Friendly Hills removed the action to federal court on the ground that Parrino's state law causes of action were completely preempted by ERISA. The district court denied Parrino's motion to remand, and eventually dismissed each of his claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Parrino's estate appeals.
 
 I.
 
 3
 Parrino contends that removal was improper because (1) FHP and Friendly Hills failed to satisfy the procedural requirements for removal; (2) the district court lacked subject matter jurisdiction; and (3) the district court improperly considered an extrinsic document in determining whether it had subject matter jurisdiction. FHP and Friendly Hills counter that Parrino waived his right to appeal the district court's refusal to remand by failing to pursue interlocutory review. We hold that Parrino did not waive his claims challenging removal, but that those claims ultimately fail.
 
 A.
 
 4
 FHP and Friendly Hills argue that circuit precedent required Parrino to seek permission to take an interlocutory appeal under 28 U.S.C. § 1292(b) to preserve his objections to removal, citing, inter alia, Sorosky v. Burroughs Corp., 826 F.2d 794, 798 (9th Cir.1987). This rule was noted and explicitly rejected, however, by Caterpillar, Inc. v. Lewis, 519 U.S. 61, 117 S.Ct. 467, 475, 136 L.Ed.2d 437 (1996). Under Caterpillar, Parrino preserved his objections to removal by moving to remand.
 
 B.
 
 5
 Parrino argues the procedural requirements for removal were not satisfied because Friendly Hills did not join FHP's removal notice until nearly two months after service of Parrino's complaint. All defendants must join a notice of removal, see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir.1988), and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint, see 28 U.S.C. § 1446(b). Under Caterpillar, however, a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court. See 117 S.Ct. at 477 ("To wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.").[1] Because Friendly Hills' initial failure to join in the notice of removal was cured when Friendly Hills later joined in the notice, remand on procedural grounds would be an empty formality.
 
 C.
 
 6
 Parrino contends the district court erred in concluding it had removal jurisdiction because ERISA completely preempted Parrino's causes of action. Section 502(a)(1)(B) of ERISA provides an exclusively federal remedy for ERISA plan "participants" seeking to recover benefits due under the terms of their plans, to enforce their rights under the plan, or to clarify their rights to future benefits under the plan. See 29 U.S.C. § 1132(a)(1)(B). State causes of action subject to this provision are completely preempted, and will be recharacterized as federal claims for purposes of removal. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64-65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Because Parrino was a participant in an ERISA plan, and at least some of his claims fall within the scope of Section 502(a)(1)(B), they were completely preempted.
 
 
 7
 An ERISA plan exists "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Carver v. Westinghouse Hanford Co., 951 F.2d 1083, 1086 (9th Cir.1991) (citation and internal quotations omitted). As we have explained, "[e]ven if an employer does no more than arrange for a 'group-type insurance program,' it can establish an ERISA plan, unless it is a mere advertiser who makes no contributions on behalf of its employees." Credit Managers Ass'n of Southern Cal. v. Kennesaw Life & Accident Ins. Co., 809 F.2d 617, 625 (9th Cir.1987). Because the plan covering Parrino was sponsored and paid for by Parrino's employer, and covered all of the firm's full-time employees, it was an employee benefits plan under ERISA. Parrino qualifies as a "participant" in this plan because at the time he filed suit he was an employee or former employee "eligible to receive a benefit ... from an employee benefit plan which cover[ed] employees" of Parrino Trucking. 29 U.S.C. § 1132(a)(1)(B); see Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).
 
 
 8
 Parrino's causes of action for breach of the implied covenant of good faith and fair dealing and for civil conspiracy are both predicated upon alleged defects in FHP's procedures for processing health insurance claims. These causes of action therefore fall within the scope of Section 502(a)(1)(B), which embraces claims by ERISA plan participants "asserting improper processing of [insurance] claims," Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and are completely preempted by ERISA. We need not consider whether Parrino's other state causes of action are completely preempted, since they fall within the district court's supplemental jurisdiction. See Jackson v. Southern Cal. Gas Co., 881 F.2d 638, 642 (9th Cir.1989).
 
 D.
 
 9
 Parrino argues that the district court erred by considering a document extrinsic to the complaint, FHP's Master Group Application, in deciding whether it had subject matter jurisdiction. As a general rule, a district court deciding whether to exercise removal jurisdiction must consider only the allegations in the complaint, see City of Chicago v. Int'l College of Surgeons, --- U.S. ----, ----, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997), but the general rule is overridden by the artful pleading doctrine in complete preemption cases. Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims. See Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1488-89 (7th Cir.1996)(in determining whether complete preemption obtains, "we are not limited by the complaint," since "a plaintiff cannot avoid complete preemption ... by artfully pleading a complaint so as to omit facts that include federal jurisdiction"). Because removal was based on complete preemption in this case, the district court properly considered the Master Group Application.
 
 II.
 
 10
 After removal by the defendant, the district court dismissed, on ordinary preemption grounds, all of Parrino's state causes of action other than those for spoliation of evidence. Parrino contends the district court erred in dismissing his non-spoliation state causes of action, and considering the FHP Master Group Application when deciding whether to dismiss his claims. Friendly Hills and FHP counter that Parrino waived any objection to the district court's dismissal of his non-spoliation claims by failing to reallege these claims in his first Amended Complaint.
 
 
 11
 We hold that Parrino did not waive his non-spoliation causes of action, but that they were properly dismissed.
 
 A.
 
 12
 A plaintiff waives all claims dismissed with leave to amend by failing to reallege those claims in his amended complaint. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981). However, we have declined to extend this rule to claims disposed of by way of summary judgment. See USS-POSCO Indus. v. Contra Costa County Bldg. & Constr. Trades Council, AFL-CIO, 31 F.3d 800, 812 (9th Cir.1994). If the plaintiff were required to reallege claims dismissed on summary judgment to avoid waiving them, plaintiff's counsel would be forced to bear the risk of sanctions to preserve his client's right to appeal. See id. at 812. Because this concern applies with equal force to claims dismissed without leave to amend, we decline to apply the waiver rule set forth in London to Parrino's non-spoliation causes of action.
 
 B.
 
 13
 Parrino contends the district court erred in dismissing his non-spoliation state law causes of action on ordinary ERISA preemption grounds.[2] While complete preemption in the context of ERISA is governed by Section 502(a)(1)(B), ordinary ERISA preemption is governed by Section 514(a), which provides that the statute's substantive provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Because each of Parrino's non-spoliation causes of action falls within the scope of Section 514(a), they are preempted by ERISA.
 
 
 14
 As the Supreme Court recently explained in New York State Conference of Blue Cross & Blue Shield v. Travelers Ins. Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), it would be unreasonable to delimit the scope of ERISA preemption by reading Section 514(a) literally:
 
 
 15
 If "relate to" were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes preemption would never run its course, for really, universally, relations stop nowhere.
 
 
 16
 Id. at 655, 115 S.Ct. 1671 (citation and internal quotations). Rather, whether a state law is subject to ordinary ERISA preemption must be determined by looking to the objectives of ERISA. See Id. at 656, 115 S.Ct. 1671.[3]
 
 
 17
 One of the principal goals of ERISA is to establish a uniform body of federal law governing the administration of employee benefit plans, see id. at 656-57, 115 S.Ct. 1671; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-53, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). ERISA therefore preempts "state laws providing alternative enforcement mechanisms" for ERISA plan benefits, as well as "state laws that mandate[ ] employee benefit structures or their administration." Travelers, 514 U.S. at 658, 115 S.Ct. 1671, Specifically, Section 514(a) preempts state causes of action based on alleged improper handling of claims for medical benefits under an ERISA plan. See Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131-32 (9th Cir.1993); Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 493-94 (9th Cir.1988). All of Parrino's non-spoliation causes of action are predicated upon alleged improper handling of his claim for treatment by FHP and Friendly Hills: Parrino's causes of action for commercial blockade, breach of the implied covenant of good faith and fair dealing, civil conspiracy, and general negligence are based upon his allegation that FHP and Friendly Hills failed properly to process his claim for proton beam therapy, and his cause of action for fraud in the inducement is based upon the defendants' failure to disclose the alleged defects in their claims processing system.
 
 C.
 
 18
 Parrino also argues that the district court erred in considering the FHP Master Group Application when ruling on the defendants' motion to dismiss. A district court ruling on a motion to dismiss may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994). Although we have yet to apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, such an extension is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based, see Pension Benefit Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). At least one other circuit has held that if a plaintiff's claims are predicated upon a document, the defendant may attach the document to his Rule 12(b)(6) motion, even if the plaintiff's complaint does not explicitly refer to it. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)(upholding the district court's consideration of a stock purchase agreement and an offering memorandum attached to the defendant's Rule 12(b)(6) motion where the plaintiff alleged securities fraud). We therefore hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.[4]
 
 
 19
 In this case, Parrino's complaint and First Amended Complaint both make reference to the FHP "group plan" and its "cost containment program." Because Parrino's claims rest on his membership in FHP's plan and on the terms of the plan, documents governing plan membership, coverage, and administration are essential to his complaint. The FHP Group Application Plan includes key terms regarding the plan covering Parrino, and its authenticity was not disputed by the parties. Accordingly, it was proper for the district court to consider that document in ruling on the defendants' motions to dismiss.
 
 III.
 
 20
 In dismissing Parrino's initial complaint, the district court granted Parrino leave to amend his state causes of action for intentional and negligent spoliation of evidence. Parrino reasserted these spoliation causes of action in his First Amended Complaint, but the district court dismissed the complaint under Rule 12(b)(6). Parrino challenges this dismissal.[5]
 
 
 21
 To make out a cause of action for either negligent or intentional spoliation of evidence, the plaintiff must plead facts showing the defendant has destroyed or concealed documents or physical evidence needed in prospective or pending litigation. See Gomez v. Acquistapace, 50 Cal.App.4th 740, 57 Cal.Rptr.2d 821, 823 (1996)(noting plaintiff's allegation that the defendant destroyed physical evidence needed in a product liability suit); Velasco v. Commercial Bldg. Maintenance Co., 169 Cal.App.3d 874, 215 Cal.Rptr. 504, 506 (1985)(same). In contrast to the factual allegations pled in these cases, Parrino's complaint asserts bare, generalized claims with little factual support. Parrino failed to plead the existence of any documents or physical evidence in the possession of FHP or Friendly Hills needed by Parrino in this litigation, nor did he plead any facts showing concealment or destruction of such evidence. Because "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," In re VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir.1993), the district court properly dismissed Parrino's spoliation of evidence claims.
 
 IV.
 
 22
 Parrino argues that preemption of his state law claims by ERISA violates his Seventh Amendment right to jury trial. We have previously considered and rejected this argument. See Spinelli v. Gaughan, 12 F.3d 853, 857 (9th Cir.1993). Because Parrino failed to raise the remainder of his constitutional claims below, these claims are waived, and we decline to consider them.
 
 
 23
 AFFIRMED.
 
 
 24
 FERNANDEZ, Circuit Judge, Dissenting.
 
 
 25
 I am unable to agree with the majority because in my opinion the removal of this case was improper. Friendly Hills was required to join in the removal request within a thirty-day period. See 28 U.S.C. § 1446(a)-(b). It did not do so. That failure made removal improper, the case should have been remanded, and it should be remanded now. Thus, I do not actually reach the ultimate merits or join in any part of the majority opinion, although I would be inclined to agree that Parrino should not ultimately prevail.
 
 
 26
 FHP argues that Caterpillar Inc. v. Lewis, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), stands for the proposition that as long as the removal defect was cured sometime before the district court reached its final decision to dismiss, the case should not be remanded. I disagree. Caterpillar dealt with a situation where a jurisdictional defect was cured and a case proceeded through the long pretrial process and into a full blown jury trial. See id. at ----, 117 S.Ct. at 470-71. The Court recognized the arguments against permitting the result of that trial to stand. As it said, the "arguments are hardly meritless." Id. at ----, 117 S.Ct. at 476. But, it continued, "[o]nce a diversity case has been tried in federal court, with rules of decision supplied by state law ... considerations of finality, efficiency, and economy become overwhelming." Id.
 
 
 27
 That simply is not the case here, and I do not agree with extending Caterpillar to a case which was merely disposed of on a motion under Federal Rule of Civil Procedure 12(b)(6). The closest any court has come to that is a case where judgment was entered in a tag along matter in coordinated multidistrict litigation. There the court emphasized the need for finality in disposing of a matter which was "analytically indistinguishable" from others it had decided. See Kocher v. Dow Chem. Co., 132 F.3d 1225, 1230 (8th Cir.1997). But a decision which is more closely in point remanded a removed case because "there ha[d] been no trial, and no further judicial resources ha[d] been expended on this case since the Order denying remand." Arnold v. Blue Cross & Blue Shield of Texas, Inc., 973 F.Supp. 726, 743-44 (S.D.Tex.1997). That was true, even though attorney resources had been expended. See id. at 744 n. 32.
 
 
 28
 It seems to me that extending Caterpillar to this case simply elides the procedures set forth in § 1446 and replaces them with a rule that the district court may, in its discretion, decline to remand when those procedures are not complied with. I cannot agree with that reading of the statute or of Caterpillar. I do not believe that reading is, in the long run, designed to enhance economy or efficiency. It is designed to enhance interference with state court proceedings, district court amendment of the removal statutes, and unnecessary appeals.
 
 
 29
 Thus, I respectfully dissent.
 
 
 
 [1]
 We do not, as the dissent suggests, read Caterpillar to authorize district courts to ignore the procedural requirements for removal: to the contrary, we agree with Caterpillar that "[t]he procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed." 117 S.Ct. at 477. We understand Caterpillar merely to permit the Court of Appeals to treat as cured a procedural defect in the removal process corrected before entry of judgment
 
 
 [2]
 Ordinary preemption substitutes federal rules of decision for state rules of decision, in contrast to complete preemption, which negates state causes of action entirely and recasts them as federal claims. See 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Civil, § 3722 (2d ed. 1985 & 1996 Supp.)
 
 
 [3]
 In recent ERISA preemption cases, the Supreme Court has criticized its previous reliance on Section 514(a)'s "relate to" language as a test for ordinary ERISA preemption. See Travelers, 514 U.S. at 655, 115 S.Ct. 1671 ("we have to recognize that our prior attempt to construe the phrase 'relate to' does not give us much help drawing the line [regarding preemption]"). The Court has not, however, overturned its prior substantive holdings regarding the scope of ERISA preemption, explaining that "[i]n our earlier ERISA pre-emption cases, it had not been necessary to rely on the expansive character of ERISA's literal language in order to find preemption because the state laws at issue in those cases had a clear connection with or reference to ERISA benefits plans." DeBuono v. NYSA-ILA Med. & Clinical Serv. Fund, 520 U.S. 806, 117 S.Ct. 1747, 1751, 138 L.Ed.2d 21 (1997)(citation and internal quotations omitted). In contrast, the state laws at issue in the Court's more recent ERISA preemption cases had tenuous and peripheral connections to ERISA, requiring the Court to confront directly the issue of whether Section 514(a)'s "relate to" language should be read literally and expansively. See id., 117 S.Ct. at 1752 (holding that a state gross receipts tax on hospitals was a law of general applicability falling outside the scope of ERISA preemption); California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., 519 U.S. 316, 117 S.Ct. 832, 842, 136 L.Ed.2d 791 (1997)(concluding that a state prevailing wage law had only an indirect economic impact on ERISA plans, and therefore was not preempted by ERISA); Travelers, 514 U.S. at 660-61, 115 S.Ct. 1671 (holding that a state law imposing surcharges on hospital rates had only an indirect economic effect on ERISA plans, and therefore was not subject to ERISA preemption)
 
 
 [4]
 As Parrino notes, where a defendant attaches extrinsic evidence to a Rule 12(b)(6) motion, the court ordinarily must convert that motion into one for summary judgment under Rule 56 to give the plaintiff an opportunity to respond. See Cortec, 949 F.2d at 48. Where, however, an attached document is integral to the plaintiff's claims and its authenticity is not disputed, the plaintiff "obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished." White Consolidated Industries, 998 F.2d at 1196-97
 
 
 [5]
 The California Supreme Court recently held that "there is no tort remedy for the intentional spoliation of evidence by a party to the cause of action to which the spoliated evidence is relevant." Cedars-Sinai Med. Center v. Superior Court, 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511, 521 (1998). We need not decide whether this decision applies retroactively to divest Parrino of his spoliation causes of action, since he failed to state a claim for spoliation of evidence under preexisting caselaw