Thomas HENDERSON, Plaintiff–
Appellant,

v.

Luis TORRES, Los Angeles Police Officer; Olivia Mock; David Perry; Detective Coffey, Defendants–Appellees.

No. 01–56048.

D.C. No. CV–98–10472–MMM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002*.

Decided April 17, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM**

Thomas Henderson appeals pro se the district court's dismissal of his third amended 42 U.S.C. § 1983 complaint alleging that defendants conspired against him to fabricate charges resulting in his arrest and trial for stalking. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal under 28 U.S.C. § 1915A(b)(1), *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). The district court correctly concluded that Henderson failed to allege facts sufficient to support his conspiracy claim. *See Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992). As the district court had already granted three opportunities for Henderson to craft a successful complaint, the court did not abuse its discretion in denying him a fourth. *See Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). The district court properly declined to exercise pendant jurisdiction over Henderson's state claims after his federal claims were dismissed. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

We review the district court's decision not to appoint counsel for abuse of discretion, and we affirm because Henderson showed no chance of success on the merits. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991). The district court did not abuse its discretion by denying Henderson's motion for a subpeona duces tecum, because Henderson's complaint failed to state a claim. *See Rutman Wine Co.,* 829 F.2d at 738.

We decline to address Henderson's argument that the district court inappropriately dismissed a claim against his public defender in his second amended complaint,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's motion for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

because the claim was dismissed without prejudice and Henderson failed to plead it in the third amended complaint now before us. *See Parrino v. FHP, Inc.,* 146 F.3d 699, 704 (9th Cir.1998) ("A plaintiff waives all claims dismissed with leave to amend by failing to reallege those claims in his amended complaint.")

AFFIRMED.