**Suzanne Lloyd HAYES, as Trustee of the Harold Lloyd Trust, Plaintiff—Appellant,**

v.

**THE WALT DISNEY COMPANY, Defendant—Appellee.**

No. 01–55709.

D.C. No. CV–00–11517–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided May 10, 2002.

---

Before KOZINSKI and GOULD, Circuit Judges, and BREYER, District Judge *.

## MEMORANDUM **

A district court may dispose of a case under Rule 12 by reference to documents "whose contents are alleged in a complaint and whose authenticity no party questions" without treating the motion as one for summary judgment. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir.1998) (internal quotation marks omitted). When considering a motion for judgment on the pleadings, a district court "may consider facts that 'are contained in materials of which the court may take judicial notice.' " *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir.1999) (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994)). Consequently, the district court could reach the question of whether *The Freshman* and *The Waterboy* were substantially similar without converting Disney's motion into a motion for summary judgment.

After a painstaking (and occasionally painful) de novo review, we agree with the district court that Disney is entitled to judgment on the pleadings. Any similarities between the two films are insubstantial and insufficient as a matter of law to support a claim for copyright infringement. *See Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir.1993).

AFFIRMED.

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.