Margaret MOLINA, Plaintiff—Appellant,

v.

LOS ANGELES COUNTY, DEPARTMENT OF MENTAL HEALTH, Defendant—Appellee.

No. 01–56683.

D.C. No. CV–01–00403–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided Feb. 27, 2003.

Before MESKILL,* THOMPSON and BERZON, Circuit Judges.

## MEMORANDUM **

Margaret Molina appeals the district court's dismissal of her Title VII suit against her employer, Los Angeles County. Because we determine that Ms. Molina has not stated claims cognizable under Title VII, we affirm the district court's dismissal of her case under Federal Rule of Civil Procedure 12(b)(6). We recite the facts only as necessary to explain our decision.

## I.  Exhaustion

▮ Before filing a Title VII suit in court, a plaintiff is required to exhaust her administrative remedies by presenting a charge to the EEOC. *See Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir. 2001). A court may not consider incidents of discrimination not included in an EEOC charge unless the non-included claims are like or reasonably related to the allegations contained in the EEOC charge. *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990).

Ms. Molina exhausted her administrative remedies in this case by filing a charge form with the EEOC on October 6, 2000. She checked off boxes and made statements indicating that she had been discriminated against, retaliated against, and subjected to unlawful harassment from January 1, 1992 through October 6, 2000. The EEOC explicitly linked its investigation of the October 6 charge to an EEOC charge previously filed by Ms. Molina. As a result, the EEOC could reasonably consider a wide range of harassing and retaliatory incidents in investigating the factual

basis for Ms. Molina's discrimination charge. The claims raised in Ms. Molina's district court complaint thus "fell within the scope of ... an EEOC investigation which *can reasonably be expected* to grow out of" her October 6, 2000 EEOC charge. *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir.1994).

## II.  Conversion to Summary Judgment

Ms. Molina contends that the district court reviewed materials outside the face of her complaint in determining that some of her claims were time-barred, thereby converting the County's motion to dismiss into a motion for summary judgment.

▮ A document is not considered "outside the pleading" for purposes of Rule 12(b) "if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994). The court could have gleaned much of the information relevant to the timeliness issue from the content of Ms. Molina's pleadings. Ms. Molina specified in her complaint the dates of each alleged incident of discrimination. In addition, Ms. Molina's complaint refers specifically to the EEOC charge she filed and the right-to-sue letter issued by the EEOC. The County attached copies of these documents to their motion to dismiss. These documents could be referenced by the district court without going "outside" the pleadings. *See Branch,* 14 F.3d at 454; *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n. 1 (9th Cir.1995); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998). The district court did not therefore err when it treated the County's motion as

---

* Honorable Thomas J. Meskill, Senior United States Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

a motion to dismiss, not a motion for summary judgment.

## III. Dismissal Under Rule 12(b)(6)

An EEOC charge must be filed within 180, 240, or 300 days of the occurrences on which it is based, depending on whether state remedies must be exhausted and, if so, whether the state has waived the 60–day period allocated for state agency consideration. *See* 42 U.S.C. § 2000e–5 (e)(1); *EEOC v. Office Products Co.*, 486 U.S. 107, 110–11, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988); *EEOC v. Dinuba Medical Clinic*, 222 F.3d 580, 585 (9th Cir.2000). The parties here have assumed a 180–day limitations period. We are not sure why this is so, as California is a state in which there is a state agency charged with enforcing a state discrimination law, and in which the 240–day or 300–day periods therefore usually apply. *See Dinuba Medical Clinic*, 222 F.3d at 585; *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1473–76, 1479–80 (9th Cir.1989). We need not, however, consider this apparent discrepancy further, because Ms. Molina has failed to allege incidents sufficient to withstand a motion to dismiss under Rule 12(b)(6) occurring within the longest period possibly applicable, 300 days.

■ The EEOC charge underlying this lawsuit was filed on October 6, 2000. Assuming the 300–day period, incidents occurring before December 11, 1999 cannot be the basis for liability. Ms. Molina cannot rely upon the continuing violation doctrine to render untimely asserted discrete discriminatory acts (such as a denial of a promotion) actionable. *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2072–73, 153 L.Ed.2d 106 (2002). She may, however, invoke the continuing violation doctrine with regard to her hostile work environment claims "provided that an act contributing to the claim occurs within the filing period." *Id.* at 2074.

The only discrete incidents alleged in Ms. Molina's complaint that occurred on or after December 11, 1999 are: Ms. Molina's receipt of a letter rejecting her from a Mental Health Analyst III position due to her failure to meet minimum requirements for the position; Ms. Molina's transfer from Department of Mental Health Headquarters (DMH) to a new work location and new duties at Twin Towers Correctional Facility; direction by Ms. Molina's supervisor to another staff member to fill out documents under Ms. Molina's name without Ms. Molina's knowledge; the diversion of a computer ordered for Ms. Molina to another worker; docking of one hour's pay for the Labor Day holiday; and a failure by Ms. Molina's supervisor to provide her with a performance evaluation.

■ Although Ms. Molina received a letter from the County on January 13, 2000 informing her that her application for the Mental Health Analyst III position was rejected because she "did not meet minimum requirements," the discriminatory act she alleges—the County's alteration of the minimum requirements for the Mental Health Analyst III position so as to exclude her—occurred in July 1999, more than 300 days before Ms. Molina filed her EEOC charge. Ms. Molina was aware of the changed requirements at the time she applied for the position in August 1999. Ms. Molina therefore did not timely assert her failure-to-promote claim. *See Lorance v. AT & T Technologies*, 490 U.S. 900, 905–11, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989); *Delaware State College v. Ricks*, 449 U.S. 250, 257–59, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

■ Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the plaintiff has the

initial burden of asserting facts sufficient to raise an inference that a job action was taken against her because of her race, gender, or other membership in a protected group. *See id.* at 802, 93 S.Ct. 1817. The disparate treatment incidents timely-alleged by Ms. Molina—relatively minor in nature and unaccompanied by any direct evidence of discrimination—are insufficient to raise an inference of discriminatory disparate treatment under the prima facie framework established in *McDonnell Douglas.* The district court did not err in dismissing Ms. Molina's disparate treatment claim.

■ The district court also properly dismissed Ms. Molina's hostile work environment claim. "A hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed." *Brooks v. City of San Mateo,* 229 F.3d 917, 923 (9th Cir.2000). Ms. Molina has not alleged facts showing that the diversion of a computer intended for her, the docking of an hour's pay, the completion of forms under her name, or her supervisor's rude treatment of her were discriminatorily motivated, unreasonably interfered with her job performance, or were "sufficiently severe or pervasive to alter [her] conditions of . . . employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

■ Nor did Ms. Molina sufficiently allege a retaliation claim. To make out a Title VII retaliation claim, a plaintiff must allege "(1) that he engaged in a protected activity, (2) that he suffered an adverse employment decision, and (3) that there was a causal link between plaintiff's activity and the employment decision." *Lyons v. England,* 307 F.3d 1092, 1118 (9th Cir. 2002). We have adopted the EEOC definition of "adverse employment action" as "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Ray v. Henderson,* 217 F.3d 1234, 1242–43 (9th Cir.2000). The diversion of the computer, the loss of an hour's pay, the denial of a performance evaluation, and the completion of forms under her name do not rise to the level of adverse employment actions. Ms. Molina has shown no causal link between her transfer and her protected activity, and has not shown how her transfer affected her adversely.

AFFIRMED.

