**EMPLOYERS INSURANCE OF WAUSAU, a Wisconsin Corporation, Plaintiff,**

v.

**PRICE AIRCRAFT CO., LLC, a Colorado Limited Liability Company, Michael Marr, an Iowa citizen, as Personal Representative of the Estate of William T. Marr, Deceased; and Does 1–40, inclusive, Defendants.**

**Price Aircraft Company, LLC, a Colorado Limited Liability Company, Third Party Plaintiff,**

v.

**Steven J. Martens, as Administrator of the Estate of Jason Miller, Executive Aircraft Corporation, EAC Aerospace Corporation, EAC Acquisition Corporation, EAC Flight Corp., and Doe Defendants 1–100, Third–Party Defendants.**

**No. CV 02–00263 DAE BMK.**

United States District Court, D. Hawai'i.

Sept. 11, 2003.

---

Mark C. Choate, Choate Law Firm, Wailuku, HI, Jon A. Kodani, Jeffrey J. Williams, Law Offices of Jon A. Kodani, Santa Monica, CA, for plaintiff.

Diane D. Hastert, Gregory W. Kugle, Damon Key Leong Kupchak Hastert, Calvin E. Young, Steven L. Goto, Ayabe Chong Nishimoto Sia & Nakamura, Richard C. Sutton, Jr., Tracy G. Chinen, Rush Moore Craven Sutton Morry & Beh LLP, Burnham H. Greeley, Chun Kerr Dodd Beaman & Wong, Honolulu, HI, Joel A. Kolodny, David C. Fawley, Montgomery Kolodny, Denver, CO, for defendants.

## *ORDER GRANTING PRICE AIRCRAFT'S MOTION FOR JUDGMENT ON THE PLEADINGS*

EZRA, Chief Judge.

The court heard Defendant and Third–Party Plaintiff Price Aircraft Company, LLC's ("Price Aircraft's") Motion on August 25, 2003. Diane D. Hastert, Esq., and Gregory W. Kugle, Esq., appeared at the hearing on behalf of Price Aircraft; Calvin E. Young, Esq., appeared on behalf of Defendant and Third–Party Plaintiff Michael Marr, as the Personal Representative of the Estate of William Marr; Burnham H. Greeley, Esq., appeared at the hearing on behalf of Third–Party Defendants Executive Aircraft Corporation, EAC Aerospace Corporation, EAC Acquisition Corporation, EAC Flight Corporation, (collectively, "EAC") and Steven J. Martens ("Martens") (collectively, with EAC, "Third–Party Defendants"). After reviewing the motion and the supporting and opposing memoranda, the court

GRANTS Price Aircraft's Motion for Judgment on the Pleadings.

## BACKGROUND

This case arises from a fatal airplane crash that occurred on Molokai on May 10, 2000. The airplane was owned by Price Aircraft. Both pilots, William Marr and Jason Miller ("Miller") were killed in the crash, as well as the four passengers on board. Miller, a citizen of Kansas, was an employee of EAC, a Kansas corporation. Plaintiff Employers Insurance of Wausau ("Wausau") was the workers' compensation carrier for EAC.

On October 22, 2002, Wausau filed its First Amended Complaint, naming Price Aircraft and Michael Marr, as personal representative of William Marr, as defendants. Wausau alleges the following three causes of action:

1. Against Price Aircraft and Doe Defendants: Statutory Liability, pursuant to Hawaii Revised Statutes ("HRS") § 263–5;

2. Against Price Aircraft and Doe Defendants: Negligence; and

3. Against Michael Marr, personal representative of the Estate of William Marr, and Doe Defendants: Negligence.

*See* First Amended Complaint, filed Oct. 22, 2002.

On April 29, 2003, Price Aircraft filed its First Amended Third–Party Complaint for Indemnification and Contribution, naming EAC and Martens as Third–Party Defendants. Both EAC and Martens filed counterclaims against Price Aircraft, which, without citing a specific statute, generally allege that Price Aircraft is statutorily liable.

On May 28, 2003, Price Aircraft filed its Motion for Judgment on the Pleadings ("Motion"). On June 2, 2003, Marr joined in the Motion. *See* Marr's Joinder in Price Aircraft's Motion for Judgment on the Pleadings, filed Jun. 2, 2003. No opposition papers were filed, which Price Aircraft noted in its reply memorandum. *See* Reply Memorandum in Support of Motion for Judgment on the Pleadings, filed Aug. 14, 2003.

## STANDARD OF REVIEW

 Rule 12(c) of the Federal Rules of Civil Procedure provides in part as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings....

Fed.R.Civ.P. 12(c). The dismissal on the pleadings is proper only if the moving party is clearly entitled to prevail. *Doleman v. Meiji Mutual Life Insurance Co.,* 727 F.2d 1480, 1482 (9th Cir.1984). The court's review is limited to the pleadings. *See* 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.38 (3d ed.1998). The court may also consider documents attached to the complaint or answers because they are considered a part of the pleadings and all documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–706 (9th Cir.1998), *cert. denied,* 525 U.S. 1001, 119 S.Ct. 510, 142 L.Ed.2d 423 (1998). All allegations of fact of the opposing party are accepted as true. *Id.* Generally, the court is unwilling to grant dismissal pursuant to Rule 12(c) "unless the movant clearly establishes that he is entitled to judgment as a matter of law." *Id.* (quoting 5A Wright & Miller, *Federal Practice and Procedure: Civil* § 1368).

 Courts dismiss complaints under Rule 12(c) for either of two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal

theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984). Dismissal is also required if an affirmative defense or other barrier to relief is apparent from the face of the complaint. 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34(4). To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(c).

## DISCUSSION

■ In its first claim, Wausau seeks to recover from Price Aircraft workers' compensation benefits it paid to "families and survivors of the one or more of the pilots and/or passengers who died in the crash of the AIRPLANE on or about May 10, 2000." First Amended Complaint at ¶ 19.0. Wausau bases this claim upon the Uniform Aeronautics Act, codified in HRS § 263–5, which provides:

> The owner of every aircraft which is operated over the lands or waters of the State is presumed liable, except the owner of every aircraft operated for commercial use is absolutely liable, for injuries to persons or property on the land or water beneath caused by the ascent, descent, or flight of the aircraft, or the dropping or falling of any object therefrom, whether the owner was negligent or not, unless the injury is caused in whole or in part by the negligence of the person injured, or of the owner or bailee of the property injured.

Haw.Rev.Stat. § 263–5.

In its Motion, Price Aircraft seeks dismissal of Wausau's claim of statutory liability, "as well as the claims of statutory liability, if any," asserted by Third–Party Defendants. Price Aircraft contends that the statutory provision relied upon by Wausau, HRS § 263–5 "applies only to damages sustained by persons on the ground beneath the aircraft. It does not apply to damages sustained by a pilot or passenger inside the aircraft." Motion at 2. Thus, Price Aircraft argues that it is entitled to judgment as a matter of law because "there is no dispute that Jason Miller was onboard the aircraft and not on the land before the aircraft." *Id.*

In Hawaii, "courts are bound by the plain, clear and unambiguous language of a statute unless the literal construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the statute." *Chun v. Liberty Mutual Ins. Co.*, 5 Haw. App. 290, 294, 687 P.2d 564, 566–67 (1984). Here, in the First Amended Complaint, Wausau plainly alleges that Miller was one of six people who were "on board" the airplane at the time it crashed. *See* First Amended Complaint at ¶ 11.3.2. There is therefore no dispute that Miller was not "on the land or water beneath" when he suffered the injuries at issue in this case. Thus, the court finds that HRS § 263–5 does not provide Wausau with a cause of action, as the statute's "plain, clear and unambiguous language" limits an aircraft owner's liability to "injuries to persons or property on the land or water beneath caused by the ascent, descent, or flight of the aircraft ...." Haw.Rev.Stat. § 263–5.

Additionally, further examination of the Uniform Aeronautics Act supports the court's conclusion that HRS § 263–5 does not apply to injuries sustained by pilots and passengers on board an airplane. Specifically, the court observes that HRS § 263–1 expressly defines the terms "passenger" and "aeronaut." Haw.Rev.Stat. § 263–1. HRS § 263–5, however, does not refer to "passengers" or "aeronauts," but rather, identifies "persons or property on the land or water beneath" as the parties to which it applies. Haw.Rev.Stat. § 263–

5. The court finds that the Hawaii State Legislature would have included "passengers" and "aeronauts" within the protection afforded by HRS § 263–5 had it intended such a broad scope. The omission of these particular classes of people from the statute strongly suggests that HRS § 263–5 does not apply to them.

Furthermore, a separate statute, HRS § 263–6 [1], holds aircraft owners liable for injuries sustained by passengers or aeronauts that are caused by collision on the land or in the air. *See* Haw.Rev.Stat. § 263–6. Thus, the court finds that the legislature distinguished the type of relief available to (1) persons or property on the ground beneath an aircraft and (2) passengers and aeronauts on board an aircraft. HRS § 263–5 provides relief to the former classification of plaintiffs, while HRS § 263–6 provides relief to the latter.

Although a case of first impression in Hawaii, the court finds persuasive case law from other jurisdictions that have examined statutes similar to HRS § 263–5. In *Prentiss v. Nat'l Airlines, Inc.*, 112 F.Supp. 306, 308 (D.N.J.1953), a federal district court examined the constitutionality of New Jersey's aviation statute analogous to HRS § 263–5, and recognized the statute's limited scope:

> The benefit of the statutory provisions does not go to any one who in any wise [sic] participates in such air travel, such as passengers, but only to those who are, under ordinary circumstances, entire strangers to air travel, and who are totally without fault themselves.

*Id.* at 314. *See also Adler's Quality Bakery, Inc. v. Gaseteria, Inc.*, 32 N.J. 55, 159 A.2d 97, 103–04 (1960) (recognizing that risk of ground damage should be placed on someone other than the person or property injured on the ground). Applying this reasoning to the instant case, Miller participated in air travel, and thus is not within the protection afforded by HRS § 263–5.

For the aforementioned reasons, the court finds that Wausau's claim for relief pursuant to HRS § 263–5, as asserted against Price Aircraft, is not cognizable. As such, the court GRANTS Price Aircraft's Motion.

### CONCLUSION

For the reasons stated above, the court GRANTS Price Aircraft's Motion for Judgment on the Pleadings, and hereby DISMISSES Count 1 of Plaintiff's First Amended Complaint, and all claims in the related cross-claims and counterclaims to the extent that they allege statutory liability under HRS § 263–5.

IT IS SO ORDERED.

---

1. HRS § 263–6 provides:

 The liability of the owner of one aircraft to the owner of another aircraft, or to aeronauts or passengers on either aircraft, for damage caused by collision on land or in the air, shall be determined by the rules of law applicable to torts on land.

 Haw.Rev.Stat. § 263–6.