
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES M. KELLEY; et al., | No. 08-17720 |
| Plaintiffs - Appellants, | D.C. No. 5:07-cv-01238-JF |
| v. | |
| RAMBUS, INC.; et al., | MEMORANDUM [*] |
| Defendants - Appellees, | |
| PAUL MICHAEL FARMWALD, | |
| Defendant - Appellee, | |
| and | |
| JOHN DANFORTH; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted January 2, 2010[]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

Plaintiffs-appellants James M. Kelley, Miki W. Larson and Douglas B. Kelley (collectively "Kelley") appeal pro se the district court's dismissal of their suit in favor of defendants-appellees Rambus, Inc. ("Rambus") and several others (collectively "the Defendants"). Kelley sued the Defendants under Sections 10(b), 14(a), 18(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 17 C.F.R. § 240.10b-5 ("Rule 10b-5") and California common law, alleging that the Defendants had engaged in and concealed an extensive scheme of backdated options, understated compensation expenses and deceptive patent strategies.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We do not repeat them.

**I**

We review the dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Gibson v. Office of Atty. Gen.*, 561 F.3d 920, 925 (9th Cir. 2009). We may affirm "on any proper ground, even if the district court did not

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reach the issue or relied on different grounds or reasoning." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998).

We review the denial of leave to amend a complaint for an abuse of discretion. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008). We also review the dismissal of a complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") for an abuse of discretion. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

## II

The district court properly exercised its discretion by ordering that Kelley limit the original 227-page Consolidated Complaint to 50 pages so as to not impose a "wholly unnecessary strain on [the] defendants and on the court system." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1553–54 (9th Cir. 1994) (en banc) (deeming a 113-page complaint "unwieldy in the extreme").

## III

Kelley raised numerous issues in the Consolidated Complaint that were not included in the Consolidated Amended Complaint or any complaint thereafter. Kelley "waive[d] all claims dismissed with leave to amend by failing to reallege those claims in his amended complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998).

3

**IV**

The district court properly dismissed all of Kelley's claims under Sections 14(a), 18(a), 10(b) and 20(a) of the Exchange Act, 17 C.F.R. § 240.10b-5 ("Rule 10b-5") and California state law.

**A**

The district court properly concluded that Kelley failed to sufficiently allege the elements of a Section 14(a) claim. *See Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000). All of Kelley's assertions regarding alleged material misstatements or omissions fail to "set forth a belief that certain unspecified sources will reveal, after appropriate discovery, facts that will validate [the] claim." *See South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 783 (9th Cir. 2008). Kelley has also failed to show an "essential link" between Rambus' allegedly false proxy statements and corporate actions that occurred years before those proxy statements were released. *See In re Asyst Tech., Inc. Deriv. Litig.*, No. C-06-04669 EDL, 2008 WL 2169021, at *9 (N.D. Cal. May 23, 2008) (rejecting a Section 14(a) claim premised on the failure to disclose options backdating).

**B**

The district court properly concluded that Kelley failed to sufficiently allege actual reliance on Rambus' financial and proxy statements. *See Howard v. Everex*

*Sys., Inc.*, 228 F.3d 1057, 1063 (9th Cir. 2000) (noting that "courts have required a purchaser's actual reliance on the fraudulent statement under § 18(a), as opposed to the constructive reliance"). Kelley failed to allege that the actual purchase or sale of shares in reliance on the statements, and any allegation of reliance in the complaint is strongly contradicted by Kelley's buying and shorting of Rambus' stock both before and after the relevant statements were made.

## C

Kelley's claims under Section 10(b) and Rule 10b-5 fail to sufficiently allege "particular facts giving rise to a strong inference of deliberate recklessness."[1] *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 979 (9th Cir. 1999).

## D

Kelley's state law claims for common law fraud and negligent misrepresentation fail to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 576 n.3 (2007). Moreover, Kelley has failed to adequately allege reliance as to both claims.

---

[1] Because Kelley's claim for a Rule 10b-5 violation was insufficiently pleaded, Kelley's Section 20(a) controlling person claim was also insufficiently pleaded due to the lack of underlying securities fraud.

## V

The district court acted within its discretion in denying Kelley further leave to amend the Second Revised Consolidated Amended Complaint. *See Metzler*, 540 F.3d at 1072 (holding that a "district court's discretion to deny leave to amend is particularly broad where [a plaintiff] has previously amended the complaint").

## VI

Kelley's other arguments are without merit.

**AFFIRMED.**