**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS LORENZO ARMENTERO, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MARIANA LOTERSZTAIN, Primary Care Physician, California Medical Facility, <br><br> Defendant - Appellee. | No. 12-17490 <br><br> D.C. No. 2:12-cv-01291-KJN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding[**]

Submitted April 16, 2013[***]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Luis Lorenzo Armentero, a California state prisoner, appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Armentero consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Armentero's action because Armentero failed to allege any facts demonstrating that defendant knew of and consciously disregarded a serious risk to Armentero's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim).

The district court did not abuse its discretion in dismissing Armentero's First Amended Complaint without leave to amend where Armentero had previously been allowed to amend his complaint and further amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

We do not address those claims which Armentero failed to allege in his First Amended Complaint. *See Parino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998)

("A plaintiff waives all claims dismissed with leave to amend by failing to reallege them in his amended complaint.").

**AFFIRMED.**

12-17490