NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY A. BENSON, an individual, | No. 17-55253 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-05019-GW-E |
| v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted May 18, 2018
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Larry Benson appeals the district court's orders dismissing his complaint

and amended complaint against Life Insurance Company of North America

("LINA"). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see*

*Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** The district court did not abuse its discretion by considering evidence of the disability insurance policy and summary plan descriptions submitted with LINA's motion to dismiss. These documents were integral to Benson's claims, he did not identify any inaccuracies in the copies provided by LINA, and these copies contained the policy language quoted in the complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998), *superseded on other grounds by statute*, 28 U.S.C. § 1453(b), *as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (per curiam). In light of these documents, the district court properly rejected Benson's conclusory allegations regarding the applicability of ERISA's safe harbor provision, 29 C.F.R. § 2510.3-1(j).

**2.** We need not decide whether Benson's claims for public disclosure of private facts and negligent infliction of emotional distress are preempted by ERISA, because "we may affirm on any ground raised below and supported by the record," *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1239 (9th Cir. 2017), and the underlying factual allegations preclude relief. LINA's alleged disclosure was not "widely published" but rather was "confined to a few persons or limited circumstances." *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 648–49 (Cal. 1994). Moreover, the limited dissemination of private medical records to a disinterested attorney is insufficient to cause "the sort of serious emotional distress with which a reasonable, normally constituted person would be unable to cope."

*Wong v. Tai Jing*, 117 Cal. Rptr. 3d 747, 768 (Ct. App. 2010); *cf. Jackson v. Mayweather*, 217 Cal. Rptr. 3d 234, 257–58 (Ct. App. 2017) (concluding that defendant's posting plaintiff's sonogram and summary medical report on social media did not support claim for negligent infliction of emotional distress).

**3.** The district court correctly ruled that Benson's pre-litigation costs and attorney's fees are unavailable as "appropriate equitable relief" under ERISA § 502(a)(3). Even assuming an ERISA plan beneficiary's private consequential damages from the plan administrator's breach of duty is the sort of make-whole remedy typically available in equity to a trust beneficiary, *see CIGNA Corp. v. Amara*, 563 U.S. 421, 441–42 (2011), here such relief would be inconsistent with the purpose of the ERISA plan. *See Cann v. Carpenters' Pension Tr. Fund for N. Cal.*, 989 F.2d 313, 317 (9th Cir. 1993) (concluding that award of attorney's fees incurred during administrative proceedings could "encourag[e] plans to pay questionable claims in order to avoid liability for attorneys' fees" and thereby undermine ERISA's purpose of promoting plan "soundness and stability . . . with respect to adequate funds to pay promised benefits" (internal quotation mark omitted)); *see also Donovan v. Mazzola*, 716 F.2d 1226, 1235 (9th Cir. 1983) (observing courts' duty "to enforce the remedy which is most advantageous to the participants and most conducive to effectuating the purposes of the trust").

**AFFIRMED.**