NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDIA SARAHI RUEDA VIDAL, | No.    19-56232 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-09276-DMG-PLA |
| v. | |
| ANDREW K. BOLTON, in his individual capacity; DANIEL BRIGHTMAN, in his individual capacity, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted August 31, 2020
Pasadena, California

Before:  SILER,** BERZON, and LEE, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Defendants Andrew Bolton and Daniel Brightman appeal the denial of their motion to dismiss Plaintiff Claudia Rueda Vidal's Fourth Amendment claims for unlawful seizure and arrest under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We reverse but remand to the district court to allow Rueda Vidal to seek leave to amend her complaint.

To defeat Defendants' assertion of qualified immunity, Rueda Vidal must allege facts sufficient to support a plausible claim of (1) a violation of a constitutional right, that (2) was clearly established when the challenged conduct occurred. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rueda Vidal's complaint does not meet the first requirement, so we need not consider the second.

Rueda Vidal alleges that the officers seized and arrested her without reasonable suspicion or probable cause. Defendants offer the "obvious alternative explanation" that the officers were aware of her immigration status, giving them reasonable suspicion to seize her and probable cause for her arrest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 567 (2007). "When faced with two possible explanations . . . plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible

within the meaning of *Iqbal* and *Twombly*." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (citations omitted). The facts alleged by Rueda Vidal may support an inference that she was targeted by the officers even though they did not know she was undocumented, but do not tend to exclude the more plausible alternative explanation that her immigration status had been checked before the officers arrived at her house to make the arrest.

Rueda Vidal's First Amended Complaint alleges that no immigration charges were filed against her until after the three weeks she was held in detention. But the judicially noticed Notice to Appear ("NTA") shows that it was issued on the day of Rueda Vidal's arrest. On a motion to dismiss, a court may take judicial notice of "documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The date of the NTA tends to support, rather than exclude, an inference that the officers who seized and arrested Rueda Vidal were aware of her immigration status, by indicating that the enforcement authorities alleged that day that she was undocumented.

The other facts about the seizure itself alleged in the complaint—the close timing after Rueda Vidal's activism on behalf of her mother, the early morning

3

arrest by plainclothes officers, and that the officers asked her for identification and her name in Spanish and said "that's her"—do not give rise to an inference that the officers were sent out without any check on Rueda Vidal's immigration status. Given the great unlikelihood that *immigration* officers would have gotten Rueda Vidal's name and address without her immigration status having been checked as well—even if the motives were retaliatory—the complaint needed to have alleged some factual basis to conclude that it was plausible, not merely possible, that such a check was not run. The facts in the complaint do not meet the *Century Aluminum* standard of tending to exclude the alternative plausible explanation that the officers were aware of Rueda Vidal's probable immigration status when they seized and arrested her. 729 F.3d at 1108.

Defendants are therefore entitled to qualified immunity on the Fourth Amendment claim, as Rueda Vidal has not alleged facts sufficient to plausibly, not merely possibly, allege a violation of a clearly established right. Because our holding is sufficient to dismiss the claim as now pleaded, we do not reach the issue of whether *Bivens* applies here under *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

In the district court, Rueda Vidal requested leave to amend if her complaint were dismissed. That request was not ruled upon as to the claims before us, which were not dismissed. As it is possible that an amendment might state a plausible claim incorporating the factual allegations in the complaint, we remand for the

4

consideration of any motion for leave to amend the complaint.

**REVERSED and REMANDED.**