**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAJIMAN HAFIZ,

      Plaintiff-Appellant,

  v.

GREENPOINT MORTGAGE FUNDING, ET AL,

      Defendants-Appellees.

Case No. 09-16746

D.C. No. 3:09-CV-01729-WHA

MEMORANDUM[*]

On Appeal from the United States District Court
For the Northern District of California
William H. Alsup, District Judge Presiding

Submitted October 7, 2010 [*][**]
San Francisco, California

Before:    RYMER and SMITH, Circuit Judges, and LEIGHTON,[***] District
          Judge.

---

[*]    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**]    This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

Majiman Hafiz appeals the district court's denial of her motion to remand. A district court's denial of a motion to remand for lack of removal jurisdiction is reviewed *de novo*. *United Computer Sys., Inc. v. AT&T Corp.,* 298 F.3d 756, 760 (9th Cir. 2002).

Hafiz sought remand on the ground that not all defendants had consented to removal. The district court denied the motion, finding that Defendant Marin Conveyancing Corporation ("Marin") had implicitly consented, that Defendant Mortgage Electronic Registration Systems ("MERS") was not required to consent because it had been voluntarily dismissed, and that Defendant Quality Loan Services, Corp. ("Quality") was a nominal party not required to consent. *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp. 2d 1050, 1052-53 (N.D. Cal. 2009). This court has jurisdiction under 28 U.S.C. § 1291 and affirms the district court's ruling.

The district court dismissed Hafiz's action for failure to state a claim, and Hafiz appealed only her denial of remand. When a judgment is made on the merits, an appellate court is not required to remand if procedural defects in removal were cured before entry of judgment. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *citing Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 77 (1996).

We agree that Defendant Marin's consent was implied because Marin shared counsel with defendant Greenpoint Mortgage Funding ("Greenpoint"), which had

2

timely consented, and Marin and Greenpoint jointly moved for dismissal. Any defect in Defendant MERS's consent was cured by the time judgment was entered because MERS did consent (albeit late) and because Hafiz voluntarily dismissed MERS from the action prior to judgment.

Finally, Defendant Quality was a nominal party and not required to consent. Under *Parrino*, reversal and remand to state court is unnecessary because any procedural defects were cured before a judgment on the merits was entered.

**AFFIRMED.**