[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11325
Non-Argument Calendar
_____

D.C Docket No. 2:12-cv-00211-RWS

CAREY CRESPO, et. al.,

                                                 Plaintiffs-Appellants,

versus

COLDWELL BANKER MORTGAGE, et. al.,

                                                 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 23, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Carey and Beverly Crespo, proceeding *pro se*, appeal the district court's

dismissal of their complaint, which alleged that PHH Mortgage Corporation,

Coldwell Banker Mortgage, the Mortgage Electronic Registration Systems, Inc.,

and McCalla Raymer LLC, engaged in mortgage and foreclosure fraud and lacked standing to initiate foreclosure proceedings.  After reviewing the record and the parties' briefs, we affirm.

## I

In September of 2009, the Crespos obtained a loan in the amount of $417,000 from Coldwell to purchase their home in Georgia.  To secure the loan, the Crepos executed a security deed in favor of MERS as grantee/nominee for Coldwell.  On November 21, 2011, MERS, on behalf of Coldwell, assigned the security deed to PHH.  Subsequently, the Crespos defaulted on the loan and the defendants commenced non-judicial foreclosure proceedings against the property.

On July 26, 2012, the Crespos filed their complaint in the Superior Court of Hall County, Georgia, seeking to temporarily and permanently enjoin the non-judicial foreclosure sale that was scheduled for August 7, 2012.  They alleged that foreclosure was improper because the defendants could not produce the original note or any other documents evidencing a legal interest in the property.  Additionally, the Crepos challenged the validity of the assignment of the security deed from MERS to PHH.  The Crespos were not successful in stopping the foreclosure and PHH sold the property at foreclosure to Georgia United Credit Union on August 7, 2012.

2

On September 5, 2012, the defendants removed the state court action to the District Court for the Northern District of Georgia on the basis of diversity, despite the fact that one of the defendants, McCalla, was a citizen of Georgia. The defendants urged the district court to ignore McCalla's citizenship for purposes of diversity, arguing that McCalla was improperly and fraudulently joined as a party by the Crespos. The defendants then moved to dismiss the Crespos' complaint for failure to state a claim.

The Crespos did not respond to any of the defendants' arguments. Instead, they filed several motions and documents, including (1) a motion for the district court to find the defendants' motion to dismiss moot due to a proposed first amended complaint; (2) a motion to add GUCU as an indispensable party; (3) a proposed first amended complaint; and (4) a motion for leave to file a first amended complaint and to add defendants.

The district court denied the Crespos' motions and granted the defendants' motion to dismiss, ruling that lenders are not required to produce a note to commence foreclosure proceedings under Georgia law. The district court further held that the Crespos lacked standing to challenge the validity of the assignment of the security deed from MERS to PHH and dismissed the Crespos' fraud claim because the allegations in the complaint failed to satisfy the particularity requirement of Rules 8 and 9 of the Federal Rules of Civil Procedure. Finally, the

3

district court denied the Crespos' requests for injunctive and declaratory relief and release of a defective lien because the bases for such relief—lack of standing and fraud—were insufficient to state a viable claim.

The Crespos timely appealed the district court's order.  In addition to contesting the district court's bases for dismissal, the Crespos challenge, for the first time, the district court's subject-matter jurisdiction and request that we remand the case to the district court for a determination of subject-matter jurisdiction.

## II

### A

We review the district court's subject-matter jurisdiction *de novo*.  *See Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001).  "Even if no party raises the issue, we are obligated to address the district court's jurisdiction to issue a ruling we are reviewing on appeal."  *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (quoting *United States v. Dunham,* 240 F.3d 1328, 1329 (11th Cir.2001)).  We deny the Crespos' motion to remand because, as we explain, the district court had subject-matter jurisdiction.

### B

The Crespos contend that removal to federal district court was improper because both they and McCalla are citizens of Georgia, thereby destroying

4

complete diversity.  In support of their claim, the Crespos request that we take judicial notice of McCalla's corporate filings in Georgia, which they say prove McCalla's citizenship.  The defendants contend that McCalla should be ignored for purposes of diversity jurisdiction because it was fraudulently joined.

A state action may be removed to federal court based on diversity jurisdiction if complete diversity exists between the parties and if none of the defendants is a citizen of the state in which the suit is filed.  *See* 28 U.S.C. § 1441; *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).  If the plaintiff, however, "names a non-diverse defendant solely in order to defeat diversity jurisdiction [or, in other words, fraudulently joins a defendant], the district court must ignore the presence of the non-diverse defendant . . . ." *Id.*

To establish fraudulent joinder, the removing party or parties must satisfy the heavy burden of proving by clear and convincing evidence that either: "(1) there is no possibility the plaintiff can establish a cause of action against the defendant; or  (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)).  Plaintiffs like the Crespos "need not have a winning case against the allegedly fraudulent defendant, [but only the] possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* at 1333 (citation omitted).

5

This Court may not take judicial notice of facts if the facts in question are subject to reasonable dispute.  *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).  McCalla's citizenship cannot be readily ascertained from corporate filings that show the state in which the law firm was formed because McCalla is a limited liability company and, unlike a corporation, such an entity is a "citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Even if we were to assume that McCalla is a Georgia citizen, as the Crespos ask us to do, we agree with the defendants that McCalla was fraudulently joined. Although McCalla is named as a party in the complaint, there are no allegations specifically related to McCalla. Nevertheless, "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997).  Thus, we read the Crepos' complaint as challenging McCalla's standing—as agent for Coldwell and PHH—to foreclose on the property and alleging that the law firm engaged in mortgage and foreclosure fraud.  The complaint sought several forms of relief, including (1) release of a defective lien (2) injunctive relief to prevent the foreclosure sale; and (3) declaratory relief.  Under Georgia law, none of the Crespos' allegations can establish a claim against McCalla.

6

The complaint alleged that McCalla had "no legal or equitable rights in the Note or Mortgage for purposes of foreclosure and that said Defendant[s] ha[d] no legal standing to institute or maintain foreclosure on the property." DE 1-1 at ¶ 13. The Crespos claimed that McCalla was required to "produce the original signed wet ink copy of the original Note or that Coldwell Banker Mortgage [must be] named as a payee in the Note" in order to have authority to foreclose on the property. DE 1-1 at ¶ 18.

As the district court correctly found, the Crespos' "produce the note" theory fails to state a claim under Georgia law. In Georgia, lenders are not required "to produce the original promissory note, even when the lender is taking affirmative actions such as commencing foreclosure proceedings." *Montoya v. Branch Banking & Trust Co.*, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *5 (N.D. Ga. Mar. 9, 2012). Possession of a valid security deed is sufficient "to exercise the power of sale in accordance with the terms of the deed even if [the lender] does not hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433 (Ga. 2013). Hence, as long as McCalla, as the lenders' agent, possessed a valid security deed, it had full power to foreclose upon the property.

To further support their argument that McCalla lacked standing to seek foreclosure, the Crespos asserted that McCalla "failed to demonstrate any valid

7

assignment of either the Mortgage or the Note, and [is] thus legally precluded from instituting or maintaining a foreclosure." DE 1-1 at ¶ 18. McCalla, however, produced an "Assignment of Mortgage/Deed of Trust," which shows that MERS, as nominee for Coldwell, conveyed the security deed to PHH. The Assignment belies any claim that the security deed was not assigned to PHH.[1]

To the extent that the Crespos challenge the validity of the assignment, they are third parties to that contract and, therefore, lack standing to challenge it. *See Breus v. McGriff*, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) (holding that a litigant who was not a party to an assignment contract is a stranger to that contract and lacks standing to challenge it.) Thus, the Crespos' claim that McCalla lacked the authority to commence foreclosure proceedings fails as a matter of law.

The Crespos' second allegation is that McCalla engaged in fraud by using "deceptive trade practices . . . as part of a banking scheme to dupe the petitioner into an unconscionable contract without disclosure as to the true nature of the transaction or to the true intentions of the Defendant." DE 1-1 at ¶ 3. This claim,

---

[1]    Generally, in determining whether a plaintiff has pled a valid cause of action, we are required to consider only the four corners of the complaint. "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). In determining whether the Crespos could have possibly stated a claim against McCalla, we, therefore, may consider the security deed.

however, is insufficient to establish a cause of action for fraud.  When alleging

fraud, "a party must state with particularity the circumstances constituting fraud."

Fed. R. Civ. P. 9(b).  We have held that this requirement may be satisfied when the

plaintiff sets forth:

> (1) precisely what statements were made in what documents or oral
> representations or what omissions were made, and, (2) the time and
> place of each such statement and the person responsible for making
> (or in the case of omissions, not making) same, and (3) the content of
> each such statement and the manner in which they misled the plaintiff,
> and (4) what the defendants obtained as a consequence of the fraud.

*Brooks*, 116 F.3d at 1371 (citation omitted).  The Crespos' complaint contains no

such allegations.  As a result, their fraud claim necessarily fails. [2]

Finally, in their complaint, the Crespos sought temporary and permanent

injunctions to prevent the foreclosure sale, declaratory relief based on their lack of

standing theory, and the release of a "defective lien."  To obtain a permanent or

preliminary injunction, the Crespos must show either a likelihood of, or actual,

success on the merits.  *See Siegle v. LePore*, 234 F.3d 1163, 1213 (11th Cir. 2000)

("The standard for a permanent injunction is essentially the same as for a

preliminary injunction except that the plaintiff must show actual success on the

merits instead of a likelihood of success.").  The Crespos had no chance of success

---

[2] Although we apply state substantive law for purposes of the fraudulent joinder rule, we must read the complaint through "Federal, not [Georgia], lenses."  *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968).

on the merits because the allegations in the complaint were insufficient to state a valid claim.

Likewise, the Crespos could not obtain declaratory relief because the allegations in the complaint do not reflect an actual controversy between the parties. "For a controversy to exist, the facts alleged, under all the circumstances must show there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Atl. Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). "Because we hold that … [the Crespos have no] valid cause of action . . . , [they could not have] presented the court with a 'case' or 'controversy' . . . ." *Ortega v. Bibb Cnty. Sch. v Dist.*, 397 F.3d 1321, 1325 (11th Cir. 2005). Moreover, the Crespos' request to enjoin the foreclosure sale is moot because the property was sold at foreclosure on August 7, 2012. Therefore, an injunction may not issue.

The Crespos' request for release of a defective lien is based on McCalla's alleged failure to possess the mortgage note. As we noted earlier, however, this is an invalid claim under Georgia law and cannot be the basis for relief.

The Crespos, in sum, could not possibly have established a valid cause of action against McCalla on this record. Accordingly, we find that McCalla was fraudulently joined and that the district court had subject-matter jurisdiction.

10

## III

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We view the complaint in the light most favorable to the plaintiffs, and all of the well-pled factual allegations are accepted as true. *Am. United Life Ins. Co. v. Martinez*, 480F.3d 1043, 1057 (11th Cir. 2007). To survive a motion to dismiss a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

As with their fraudulent joinder argument, the defendants argue that the Crespos' complaint fails to sufficiently allege a valid cause of action. In response, the Crepos largely repeat the allegations and claims set forth in their complaint. For the same reasons the Crespos could not establish a cause of action against McCalla under the fraudulent joinder rule, we hold that they fail to state a claim against any of the defendants. As a result, the district court did not err in dismissing the complaint.

11

**IV**

The Crespos suggest that the district court incorrectly denied their motion for leave to file an amended complaint and to add defendants, as well as their motion to disqualify McCalla as the defendants' counsel. We disagree.

With regards to the ruling on the Crespos' motion for leave to amend, we deem any argument abandoned because the Crespos failed to properly address the issue in their brief. Although we liberally read briefs filed *pro se*, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). The Crespos only briefly referenced the district court's denial of their motion for leave to amend in their opening brief and did not explain how or why the ruling was erroneous. *See* Appellants' Br. at 1, 3-4. This is insufficient. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) ("Although [the plaintiff] refers to the district court's dismissal of its amendment in its Statement of the Case in its initial brief, it elaborates no arguments on the merits as to this issue in its initial or reply brief. Accordingly, the issue is deemed waived.").

As for the motion to disqualify McCalla as counsel, the Crespos failed to timely and properly file a notice of appeal from the district court's order. Generally, a "notice of appeal must be filed with the district court within 30 days *after* entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A)

(emphasis added).  Although notices of appeal should be read expansively, "Rule 3(c) requires that a notice of appeal designate an *existent* judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed."  *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (emphasis added).  Here, the Crespos filed their amended notice of appeal on March 26, 2013.  The district court entered its order denying the motion to disqualify McCalla as counsel on September 11, 2013, more than five months after the notice of appeal was entered.  Because the Crespos did not file a notice of appeal after the district court denied their motion to disqualify, we lack jurisdiction to address the merits of their argument on appeal.

V

For the reasons set forth above, we conclude that the district court had diversity jurisdiction because McCalla—the non-diverse defendant—was fraudulent joined, and that the district court correctly dismissed the Crespos' complaint.

**AFFIRMED.**