[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-15433
Non-Argument Calendar

————————————————

D.C. Docket No. 1:11-cv-00081-RWS

CHRISTINE STONE,

Plaintiff-Appellant,

versus

BANK OF NEW YORK MELLON, N.A.,
f.k.a. Bank of New York Trust Company, N.A.,
JPMORGAN CHASE BANK, NA,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
PROMMIS SOLUTIONS, LLC,
LITTON LOAN SERVICING, LP, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(April 20, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Christine Stone, proceeding *pro se*, appeals the district court's dismissal of her civil complaint alleging various causes of action stemming from the foreclosure of her home. She argues that the district court (1) erroneously denied her motion to remand the case back to state court because federal subject-matter jurisdiction was lacking and the notice of removal did not comply with the unanimity requirement of 28 U.S.C. § 1446 (b)(2)(A); (2) improperly dismissed her complaint for failing to state a claim; and (3) abused its discretion in setting aside a defendant's default. Finding no error, we affirm.

Stone filed the present *pro se* suit in state court in November 2010 against multiple defendants. On January 13, 2011, Litton Loan Servicing LP; Mortgage Electronic Registration Systems, Inc.; Bank of New York Mellon; and JPMorgan Chase Bank, N.A. ("the Removing Defendants") removed the case to federal court based on federal-question jurisdiction. The Removing Defendants were served on December 14, 2010, as was another defendant, Prommis Solutions, LLC ("Prommis"), which did not join in the notice of removal. Prommis did, however, move to dismiss Stone's complaint on January 26, 2011, and opposed remand.

We review *de novo* the denial of a motion to remand. *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1328 (11th Cir. 2010). A district court's

2

determination as to subject-matter jurisdiction is a legal question that we review *de novo*. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). We review dismissal of a claim pursuant to Federal Rule of Civil Procedure 12 *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court reviews the decision to set aside a default for abuse of discretion. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Generally, a defendant may remove to federal court a case brought in state court when, *inter alia*, the case could have originally been brought in federal court. *See generally* 28 U.S.C. §§ 1331; 1441(a). Federal courts are courts of limited jurisdiction, and they only possess the power authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1676, 128 L.Ed. 391 (1994). Congress has granted federal courts jurisdiction over cases raising a federal question. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Federal question jurisdiction refers to "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law for purposes of § 1331 when the plaintiff's complaint establishes that federal law *either* creates the cause of action *or* that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of

3

federal law. *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (emphasis added).

A defendant or defendants wishing to remove an action from a state court to a federal court must comply with certain procedural requirements. *See* 28 U.S.C. § 1446. When a civil action is removed solely on the basis of federal question jurisdiction, all defendants who have been properly joined and served must join in or consent to the removal of the action. *Id*. § 1446 (b)(2)(A). The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the "unanimity rule." *Bailey v. Janssen Pharmaceutica, Inc*., 536 F.3d 1202, 1207 (11th Cir. 2008). Like all rules governing removal, the unanimity rule must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). However, like the First Circuit in *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009), "we nevertheless are not inclined to establish a wooden rule." A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment. *Id.* Although Prommis did not join the notice of removal, it did oppose remand, and therefore the district court did not err by refusing to remand for a technical defect related to the unanimity rule. Furthermore, the district court had federal question subject matter jurisdiction over

this case because Stone's complaint contained several causes of action created by federal law.

The district court dismissed the counts against most defendants for Stone's failure to state a claim.[1]  Although "a district court must grant a plaintiff at least one opportunity to amend [her] claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted," *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted), the district court need not grant such leave should an amendment be futile, *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Id.* We conclude that any amendment to Stone's complaint would be futile.  The limitations period had run on several of the claims; Georgia law creates either no action or no private right of action for some claims; the Defendants completed a valid non-judicial foreclosure sale of Stone's residence; and courts have rejected the viability of some claims associated with the mortgage lending industry.  Any amendment to the complaint would only lead to the same result: dismissal.

---

[1]    To the extent that Stone appeals dismissal of the case against Popular Mortgage Servicing, Inc., the district court did so for lack of prosecution.  Stone fails to address this issue in her briefs, so this matter is abandoned on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, . . . issues not briefed on appeal by a *pro se* litigant are deemed abandoned . . . .").  In any event, the district court did not err in dismissing this case without prejudice to allow Stone "to start over in a new proceeding."

Federal Rule of Civil Procedure 55(c) permits a court to set aside a default for good cause. Here, the defendant in default filed an affidavit stating that it had not received a copy of the complaint. The default does not appear to be willful, so this Court cannot say that the district court abused its discretion in the matter.

**AFFIRMED.**