John Wesley GOVAN, Plaintiff,

v.

YALE CAROLINAS, INC.,
et al., Defendants.

Case No. 1:15–CV–624–VEH.

United States District Court,
N.D. Alabama,
Eastern Division.

Signed July 20, 2015.

---

Michael D. Petway, Roger K. Fuston, Fuston Petway & French LLP, Birmingham, AL, for Plaintiff.

Christopher J. Zulanas, David T. Gordon, Friedman Dazzio Zulanas & Bowling P.C., Birmingham, AL, for Defendants.

## *ORDER*

VIRGINIA EMERSON HOPKINS, District Judge.

This civil action was filed on July 18, 2014, by the plaintiff, John Wesley Govan, against the defendants Yale Carolinas, Inc. ("Yale"), Matthew McIntyre, and Mark Dallas, in the Circuit Court of Talladega County, Alabama. (Doc. 1–1 at 4). On October 14, 2014, Govan filed a "First Amendment to Complaint" adding NACCO Material Handling Group, Inc. ("NACCO") as a defendant. (Doc. 1–2 at 46). The plaintiff filed a "Second Amendment to Complaint" on March 11, 2015, adding Danny Beavers, an employee of Yale, as a defendant. (Doc. 1–9 at 2). On March 17, 2015, the plaintiff stipulated to the dismissal, with prejudice, of defendants McIntyre and Dallas. (Doc. 1–9 at 15). By order dated March 18, 2015, all claims against those defendants were dismissed, with prejudice. (Doc. 1–9 at 32).

On April 14, 2015, defendant Yale removed the case to this court claiming jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (Doc. 1 at 1). In particular, Yale claimed that the plaintiff was of diverse citizenship from Yale and NACCO, and that the citizenship of Beavers should be ignored because he was fraudulently joined. (Doc. 1 at 4–7).[1] Neither NACCO nor its representative signed the notice of removal. However, Yale represented in the notice of removal that "Defendant NACCO Materials Handling Group, Inc., joins in this removal." (Doc. 1 at 6).

On May 14, 2015, the plaintiff filed his motion to remand. (Doc. 9). That same day, after the plaintiff moved to remand, NACCO filed a "Consent to Removal." (Doc. 10 at 1). On May 18, NACCO opposed the plaintiff's motion to remand. (Doc. 11). On June 6, 2015, Yale filed its opposition to the motion to remand. (Doc. 16). The plaintiff did not file a reply to either opposition, and the time to do so has expired under the court's Uniform Initial Order. Accordingly, the motion is ripe for disposition.

For the reasons stated herein, the motion will be DENIED, and the stay of this matter will be LIFTED. In addition, by consent of the plaintiff (doc. 9 at 1, 3), the motion to dismiss filed by defendant Beavers (doc. 4) will be **GRANTED**.

## I. STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See, City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir.2012) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted).

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir.2005) (citation omitted); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001).

> That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal. *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Texas 1981); *Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co.*, 496 F.Supp. 1254, 1255 (D.Iowa 1980); *Fort v. Ralston Purina Company*, 452 F.Supp. 241, 242 (E.D.Tenn.1978).

*Parker v. Brown*, 570 F.Supp. 640, 642 (D.C.Ohio, 1983)

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is

---

1. If the plaintiff "names a non-diverse defendant solely in order to defeat diversity jurisdiction [or, in other words, fraudulently joins a defendant], the district court must ignore the presence of the non-diverse defendant…." *Crespo v. Coldwell Banker Mortgage*, 599 Fed.Appx. 868, 871 (11th Cir.2014) (*quoting Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir.2011)).

no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen*, that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen [v. R & H Oil & Gas Co.]*, 63 F.3d [1326] at 1335 [ (5th Cir.1995) ].

*Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir.2000).

## II. ANALYSIS

Federal law provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). In order to effect the removal

[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all pro-

cess, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C.A. § 1446(a). If, as in the instant case, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(f). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(2)(A). This last provision, known as the "unanimity requirement," "provides that each defendant must join in the removal ... within the 30–day period prescribed in 28 U.S.C. § 1446(b)." *Gabriel v. Life Options Int'l, Inc.*, No. CIV.A. 14–358–CG–B, 2015 WL 1967498, at *7 (S.D.Ala. Apr. 30, 2015) (internal quotation and citations omitted).[2] It is this provision which is at issue in the motion to remand.

The plaintiff agrees that the case did not become removable until McIntyre and Dallas were dismissed on March 18, 2015. (Doc. 9 at 6). He also agrees that defendant Beavers is not properly joined and therefore need not have joined in the removal. (Doc. 9 at 3, 6, 7). It is uncontested both that NACCO *is* properly joined, and that neither NACCO, nor its representative, signed the notice of removal. Also, neither NACCO, nor its representative, consented to the removal by April 17, 2015, the 30th day after the case became removable. Accordingly, the plaintiff argues

**2.** In the interest of full disclosure, the court notes that the portion of the quote omitted by this court reads: "by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing." This language is inconsistent with this court's holding and so has been omitted. The portion of the quote that is included accurately states the current understanding of the time frame within which a consent is due from all defendants.

that the removal is procedurally defective and the case must be remanded.

Yale argues that its representation in the notice of removal that "Defendant NACCO Materials Handling Group, Inc., joins in this removal" (doc. 1 at 6), even though no representative of NACCO signed the notice of removal, was sufficient. Even if that representation was not sufficient, Yale contents that this court should be persuaded by the Eleventh Circuit's recent unpublished decision in *Stone v. Bank of New York Mellon, N.A.*, 609 Fed.Appx. 979 (11th Cir.2015), that a technical defect in removal can be cured even after the 30 day window has expired. NACCO's entire response to the motion to remand is as follows:

> Plaintiff moves to remand on a "procedural defect," suggesting the matter should be remanded for failure of [NACCO] to timely file a consent to removal. Although [NACCO] filed an Answer to the Complaint and a Corporate Disclosure in this forum, [NACCO] filed a Consent to Removal (document number 10) on May 14, 2015. To the extend [sic] any alleged defect existed, it has been timely cured.

(Doc. 11 at 1).

### A. *Yale's Representation in the Notice of Removal that NACCO Consented to Removal Was Sufficient*

It has been noted that "neither the [removal] statute nor the Supreme Court's decisions have specified how defendants are to give their 'consent' to removal." *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 741 (4th Cir.2013) cert. denied, —— U.S. ——, 134 S.Ct. 901, 187 L.Ed.2d 777 (2014). The Eleventh Circuit has not issued an opinion on the issue.[3]

Some courts have opted for a formal approach, holding that "all served defendants still have to support the petition in writing, *i.e.*, sign it." *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir.1997). In *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1264 (5th Cir.1988), the Fifth Circuit justified this formality as follows:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil Corp.*, 841 F.2d at 1264.

However, this court is persuaded by the approach taken by the Sixth Circuit in

---

3. The plaintiff admits in his brief that he "has found no binding Eleventh Circuit or U.S. Supreme Court authority on these issues." (Doc. 9 at 8). Elsewhere in his brief, however, the plaintiff states that "all defendants must *formally join* in the removal petition for it to be effective." (Doc. 9 at 5, n. 3) (emphasis added) (citing, among other cases, *In re Fed. Sav. & Loan Ins. Corp.*, 837 F.2d 432, 435 (11th Cir.1988) and *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir.1970)). Both cases are binding on this court as the Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982). The use of the phrase "formally join" implies that these cases require an actual signature on the notice of removal by the defendant itself. That is not what the cited cases hold.

*Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir.2004) where the court stated:

> To remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant or defendants; and (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a), (b).
>
> . . .
>
> Rule 11 merely requires any pleading to be signed "by at least one attorney of record" and states that by presenting such pleading the attorney is certifying that, *inter alia,* "the allegations and other factual contentions have evidentiary support." FED. R. CIV. P. 11(a), (b)(3). *Thus, the attorney for [the removing defendants] [is] bound by Rule 11 when she represent[s] to the district court that [the non-removing defendant] consented to the removal. Nothing in Rule 11, however, required [the non-removing defendant] or his attorney to submit a pleading, written motion, or other paper directly expressing that concurrence or prohibited counsel for the other defendants from making such a representation on [the non-removing defendant's] behalf.*

*Harper,* 392 F.3d at 200–02 (emphasis added).

The Ninth Circuit expressly followed *Harper* in *Proctor v. Vishay Intertechnolo-gy Inc.,* 584 F.3d 1208 (9th Cir.2009) stating that "we conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor,* 584 F.3d at 1225. This approach was also followed by the Fourth Circuit in *Mayo v. Bd. of Educ. of Prince George's Cnty.,* 713 F.3d 735, 742 (4th Cir.2013) *cert. denied,* —— U.S. ——, 134 S.Ct. 901, 187 L.Ed.2d 777 (2014) ("a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal"), and most recently by the Eighth Circuit in *Griffioen v. Cedar Rapids & Iowa City Ry. Co.,* 785 F.3d 1182, 1187–88 (8th Cir. 2015) ("The potential for Rule 11 sanctions and a co-defendant's opportunity to alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent and forcing co-defendants into a federal forum against their will.... And although there may be instances in which these safeguards alone are not sufficient, as long as the removing defendant's co-defendant itself later files an indication of its consent, any potential concern that the co-defendant has not authorized or manifested its binding consent to removal is mitigated."). Despite the myriad of cases cited by the plaintiff (*see* doc. 9 at 8–13), the decisions of the Sixth, Ninth, Fourth, and Eighth Circuits seem to be both the trend and the more reasonable approach. Accordingly, this court follows suit and hereby adopts this approach as well.

■ In the instant case, the notice of removal clearly and unambiguously states

that NACCO joins in the removal. Not only has NACCO not said that Yale's representation was false, NACCO has appeared and affirmatively consented to the removal. The notice of removal was sufficient.

## B. *Even If the Notice of Removal Was Procedurally Deficient, Any Defect Was Cured*

Recently, in *Stone v. Bank of New York Mellon, N.A.*, 609 Fed.Appx. 979 (11th Cir. 2015) (unpublished), a panel of the Eleventh Circuit Court of Appeals held that a technical defect in removal can be cured, even after the 30 day window has expired. In *Stone,* the *pro se* plaintiff filed a state court suit against multiple defendants. *Stone,* 609 Fed.Appx. at 980–81. All but one of the defendants removed the case to federal court based on federal-question jurisdiction. *Id.* After the removal, the non-removing defendant moved to dismiss the plaintiff's complaint and opposed remand. *Id.* The court noted that "[l]ike all rules governing removal, the unanimity rule must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id. (citing Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1049 (11th Cir.2001)). The court then stated:

> However, like the First Circuit in *Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 77 (1st Cir.2009), "we nevertheless are not inclined to establish a wooden rule." A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment. *Id. Although [the non-removing defendant] did not join the notice of removal, it did oppose remand, and therefore the*

*district court did not err by refusing to remand for a technical defect related to the unanimity rule.*

*Id.* at 981 (emphasis added).

The plaintiff correctly notes that *Stone,* because it is unpublished, is not binding on this court.[4] The plaintiff is also correct that the *Stone* court "undertook no real analysis of the unanimity rule." (Doc. 9 at 15). However, a review of the *Esposito* decision, cited favorably by the *Stone* court, does provide a thorough and persuasive analysis of this issue.

In *Esposito,* the plaintiff filed a complaint in state court against three defendants. *Esposito,* 590 F.3d at 73. Two of the defendants filed a notice of removal to federal court, in which the third did not join. *Id.* at 74. Thereafter, the third defendant filed its answer in federal court. *Id.* When the plaintiff moved to remand the matter to the state court claiming a violation of the unanimity requirement, the district court denied the motion, concluding that the non-removing defendant's answer, which had been filed in federal court within the thirty day period, constituted consent to removal under the circumstances. *Id.*

In affirming the denial of remand, the First Circuit first focused on the "interests" protected by the unanimity requirement stating:

> The requirement of unanimity serves the interests of plaintiffs, defendants and the judiciary. Plaintiffs are advantaged, because, were the right to removal an independent rather than joint right, defendants could split the litigation, forcing a plaintiff to pursue its case in two separate forums. *See Sansone v. Morton Mach. Works, Inc.,* 188

---

4. "Unpublished opinions are not considered binding precedent, but they may be cited as

persuasive authority." 11th Cir. Rule 36–2.

F.Supp.2d 182, 184 (D.R.I.2002) (*citing Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988)). Defendants also stand to benefit from the requirement, as it precludes one defendant from imposing his choice of forum on a co-defendant. *Id.* (citation omitted). And the unanimity requirement prevents the needless duplication of litigation, thereby preserving court resources and eliminating the unattractive prospect of inconsistent state and federal adjudications. *Spillers v. Tillman,* 959 F.Supp. 364, 369 (S.D.Miss.1997).

*Id.* at 75. The court then noted that a procedural defect in the removal process "is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court." *Id.* at 75 (citing 11C [5] Wright, Miller & Cooper, Federal Practice and Procedure § 3739).

After a short survey of decisions explaining what types of conduct have been found to rise to the level of "consent to removal," the court wrote:

> Although mindful of the principle that removal statutes are to be narrowly construed, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), we nevertheless are not inclined to establish a wooden rule, regardless of whether such a rule would have the benefit of promoting clarity. And in this particular case, even assuming that [the non-removing defendant's] answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured when [it] opposed [the plaintiff's] remand motion, thereby clearly communicating its desire to be in federal court. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d

195, 202 (6th Cir.2004) ("In addition, the fact that [the defendant] opposed [the plaintiff's] motion to remand cured any purported defect in the removal petition."). Because this cure occurred prior to the entry of summary judgment, a remand to the state court was not required. *Cf. Caterpillar Inc. v. Lewis,* 519 U.S. 61, 76, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *see Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998) (*citing Caterpillar,* 519 U.S. at 77, 117 S.Ct. 467, for the proposition that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court").

In a case such as this one, where the parties have already invested valuable resources in pursuing this litigation in federal court and where a remand to state court would not serve the purposes of the unanimity requirement, reaching an opposite conclusion would place form before function. *Parrino,* 146 F.3d at 703; *Glover* [*v. W.R. Grace & Co., Inc.*], 773 F.Supp. [964] at 965 [ (E.D.Tex. 1991) ], 11C Wright, Miller & Cooper, Federal Practice and Procedure § 3739 ("[T]he preferable result seems to be to continue to allow procedural defects in the removal procedure be cured so the removed action can remain in federal court. A contrary conclusion does not seem consistent with the statutory character of the removal right and seems too technical."). We refuse to do so, and thus uphold the denial of the remand motion.

Of course, it is undoubtedly the better practice for a defendant who wants to be in federal court to join the removal notice explicitly, either by signing the notice itself or by filing its consent. By failing to do so in this case, [the non-

---

**5.** The correct volume is now 14C.

removing defendant] ran the risk that the district court might find a breach of the unanimity requirement and remand this action to the state court, a decision we would have been powerless to review. 28 U.S.C. § 1447(d) (a district court's order remanding a case to the state court from which it was removed is unreviewable on appeal or otherwise); *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 133, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Gonzalez–Garcia v. Williamson Dickie Mfg. Co.,* 99 F.3d 490, 491–92 (1st Cir.1996).

*Id.* at 76–77.

 Having reviewed *Esposito* and *Smith,* the court finds them both to be persuasive. In this case, the interests of plaintiffs, co-defendants, and the court are not served by remand and are not harmed by failing to remand. Further, because any possible procedural defect is not jurisdictional, this court is not required to remand this action if there is a defect. Under the circumstances, even if the notice of removal was ineffective at satisfying the unanimity requirement, the court holds that the defect has been cured.[6] *See also,* *Hafiz v. Greenpoint Mortgage Funding,* 409 Fed.Appx. 70, 72 (9th Cir.2010) ("Any defect in Defendant MERS's consent was cured by the time judgment was entered because MERS did consent (albeit late) and because Hafiz voluntarily dismissed MERS from the action prior to judgment.").

---

6. The plaintiff argues that the last two paragraphs in the block quote from *Esposito* qualify its holding and distinguish it. (Doc. 9 at 16–17). Because, by the time the court made these statements, it had already noted that its decision was based on the fact that the "cure occurred prior to the entry of summary judgment," those final two paragraphs are either *dicta* or an alternative basis for the court's holding. Accordingly, the court does not agree that any distinction would make a difference. The plaintiff also argues that the

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. The plaintiff's motion to remand is **DENIED.**

2. Defendant Beavers's motion to dismiss is **GRANTED.**

3. Defendants Beavers is **DISMISSED with prejudice.**

4. The stay in this case is hereby **LIFTED.**

---

*Stone* court overlooked part of the *district court's* (unstated) reasoning in *Esposito.* The court finds no merit in that argument. The First Circuit's opinion stands on its own, and should be considered based on its own reasoning. The plaintiff is incorrect when he states that an *unstated* portion of the district court's opinion is "the rationale underlying the decision [from the First Circuit] in *Esposito.*" (Doc. 9 at 16). There is simply no basis for that statement.