[DO NOT PUBLISH]

THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13950
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-05456-AT

CHRISTINE STONE,

Plaintiff-Appellant,

versus

JPMORGAN CHASE BANK, N.A.,
OCWEN LOAN SERVICING, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 12, 2019)

Before MARCUS, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Christine Stone has spent the last fifteen years in legal battles related to the

foreclosure of her home.  This action counts as her fifth lawsuit challenging the

foreclosure. Because Stone has already sued Defendants JPMorgan Chase Bank, N.A. (Chase) and Ocwen Loan Servicing, LLC (Ocwen) for issues related to her foreclosure and therefore had ample opportunity to litigate the claims raised in this action, the court below dismissed this action as barred by res judicata. After careful review of the record, we affirm.

## I.

In 2004, Stone obtained a mortgage secured by her home in Marietta, Georgia. When she failed to make timely mortgage payments and went into default, her loan servicer agreed to help her refinance her mortgage—but then sold its servicing rights to a new company. The new servicer refused to refinance and foreclosed on the home. The bank that owned the mortgage purchased the home at foreclosure in February 2010 and obtained a writ of possession requiring Stone to vacate the property. But Stone has yet to leave the home because she has been litigating the foreclosure ever since.

A few months after the foreclosure, Stone filed her first foreclosure-related lawsuit against the bank that owns the property, Chase, and a host of other defendants. She alleged claims for fraud, theft, conversion, breach of contract, violations of the Real Estate Settlement Procedures Act (RESPA) and RICO—all resting on the same general premise that Chase and the other defendants misled her about the modification and refinancing of her mortgage, as well as about the

2

foreclosure itself.  The U.S. District Court for the Northern District of Georgia dismissed all the claims for failure to state a claim.  Stone appealed, and we affirmed the dismissal.  *See Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 982 (11th Cir. 2015) (per curiam) (unpublished).

Stone's second action alleged claims for wrongful foreclosure, breach of contract, and intentional infliction of emotional distress against several corporate entities—but neither Chase nor Ocwen were named as defendants.  A state trial court dismissed the action.

Stone did not stop—she brought a third action against her newest loan servicer, Ocwen, and two attorneys.  In this action, she alleged that Ocwen had reinstated her loan and was threatening a second foreclosure.  She brought claims for fraud, unjust enrichment, and conversion.  These claims did not fare any better than the previous ones—a state trial court dismissed them for failure to state a claim.  The court held that all of Stone's claims related to the foreclosure were barred by res judicata and/or the statutes of limitations—and warned Stone that "relitigation of these issues would be futile after the attempts in state and federal courts."

Not heeding that warning, Stone brought a fourth action—this time against Ocwen and one other defendant.  Stone alleged, among other things, that she was wrongfully denied a mortgage modification, that she was not in default at the time

the foreclosure took place, and that the foreclosure was not consummated. Stone alleged an antitrust claim under the Clayton Act and a restraint-of-trade claim under the Sherman Act. The U.S. District Court for the Northern District of Georgia dismissed these claims for failure to state a claim.

That brings us to the current action—Stone's fifth lawsuit arising out of the foreclosure. About two months after the district court dismissed the fourth action, Stone filed this action against Ocwen and Chase. She alleged no new facts and sued both Ocwen and Chase for wrongful foreclosure, breach of contract, and intentional infliction of emotional distress. Against Ocwen only, she alleged violations of RESPA and the Truth in Lending Act. And against Chase only, she brought an unjust enrichment claim. The district court dismissed the entire action as barred by res judicata. And to the extent that Stone alleged some claims against Chase that potentially arose after the dismissal of the first action, the district court held that those claims failed under Rule 12(b)(6).

## II.

We review a district court's dismissal of a complaint under Rule 12(b)(6) de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013).

III.

"The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo*, 704 F.3d at 892. To prove that res judicata bars a claim, a movant must show that the following four elements are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.*

As to the fourth element—whether the cause of action in the previous case is the same as in the current case—a "cause of action is the same for *res judicata* purposes if it arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Id.* at 893 (internal quotation marks and citation omitted). "It is well settled that res judicata turns primarily on the commonality of the *facts* of the prior and subsequent actions, not on the nature of the remedies sought." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001) (emphasis in original). Res judicata therefore "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and

5

claims arising out of the same 'operative nucleus of fact.'" *Id.* (quoting *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984)).

Before delving into the merits of the district court's res judicata analysis, we pause to address Stone's assertion that the res judicata arguments were not properly before the district court because Chase and Ocwen raised them at the Rule 12(b)(6) stage—and not as an affirmative defense. While res judicata "is not a defense under 12(b)" and instead "is an affirmative defense that should be raised under Rule 8(c)," a "party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). Because Stone's complaint in this action alleged the same foreclosure-related facts as the complaints in the four prior lawsuits, the res judicata defense appeared on the face of the complaint. The district court therefore did not err in considering the res judicata arguments at the Rule 12(b) stage.

Turning to the merits, we first address whether res judicata bars Stone's claims against Ocwen. As to the first requirement, the federal district court in Stone's fourth action had competent jurisdiction because the claims (for Clayton Act and Sherman Act violations) raised federal questions. *See* 28 U.S.C. § 1331. The second prong of the res judicata analysis is also met—the district court in the fourth action entered a final judgment on the merits when it dismissed the federal

6

claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). And as to the third prong, both cases involved the same parties—in the fourth action, as in this action, Stone was the plaintiff and Ocwen was a defendant.

As to the fourth prong, Stone's claims in the fourth action arose out of the same "nucleus of operative fact" as the claims brought in this action. In Stone's previous action, she alleged that Ocwen and other defendants refused to allow her to refinance and wrongfully foreclosed on her home. Similarly, in this action Stone challenges Ocwen's refusal to engage in refinancing discussions with her, its decision to refinance, and the way it serviced the loan. This action does not allege any new facts. So all of Stone's claims against Ocwen could and should have been raised in her previous action against Ocwen, and the district court did not err in determining that res judicata barred those claims.

Turning to the claims against Chase, we also conclude that the district court did not err in determining that res judicata bars Stone's wrongful foreclosure claim against Chase because Stone had the opportunity to raise this claim in her first action. As to the first prong of the res judicata analysis, in her first foreclosure-related action, Stone sued Chase in state court and the defendants properly removed the action to federal court based on federal-question jurisdiction—the federal district court therefore properly exercised jurisdiction over the action. The

second prong is also met because, by dismissing all the claims against Chase for failure to state a claim, the district court entered a final judgment on the merits. *See Hunt*, 891 F.2d at 1560.  And the parties were the same—in the first action, as with this action, Stone was the plaintiff and Chase was the defendant—so the third prong is met.  Fourth, both actions arise out of the same nucleus of operative fact— the first action challenged the foreclosure proceedings, and in this action Stone sues Chase for wrongful foreclosure.  Res judicata therefore bars Stone's wrongful foreclosure claim against Chase.

We also agree with the district court that, to the extent that Stone's remaining claims against Chase—for breach of contract, unjust enrichment, and intentional infliction of emotional distress—involve events occurring after the dismissal of the first action such that res judicata does not bar the claims, those claims still fail under Rule 12(b)(6).

First, the breach of contract claim pertains to the mortgage note and security instrument, which Stone alleges Chase presumably held.  But Stone attached to her complaint documents showing that Chase never held the mortgage note or security instrument.  Because Chase is not a party to the relevant contracts, Stone has failed to state a claim against Chase for breach of contract.

Second, Stone's unjust enrichment claim is based on Chase's alleged unlawful use of her "foreclosed upon loan; levying and assessments of late fees,

force placed insurance, interest, taxes, and other charges to the account." But the complaint does not allege any facts that plausibly support this allegation. So the district court did not err in dismissing that claim under Rule 12(b)(6).

Third, the intentional infliction of emotional distress claim fails because Stone has not alleged conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Cottrell v. Smith*, 788 S.E.2d 772, 780 (Ga. 2016) (citation omitted). The only supposedly outrageous conduct that Stone points to is Chase's refusal to sell the property back to her. The district court did not err in concluding that those allegations do not support a claim for intentional infliction of emotional distress.

## IV.

For the reasons explained above, the district court's order dismissing this action is **AFFIRMED**.